UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Johnnie Brown,

                Plaintiff,

-against-

Acting Commissioner of Social Security Carolyn W. Colvin,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2018

1:15-cv-04823 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is a motion for attorneys' fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b)(1), by plaintiff's counsel, Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder & Binder"). (ECF No. 32.) The motion follows a favorable decision for plaintiff, Johnnie Brown ("Plaintiff" or "Brown"), by defendant, Commissioner of Social Security ("Commissioner"), after remand of this case to the Commissioner by Magistrate Judge Ellis. For the reasons set forth below, I award attorneys' fees to Binder & Binder in the amount of $12,450.00.

**BACKGROUND**

Brown filed concurrent applications for Social Security Disability benefits and Social Security Income benefits in January 2009, with a disability onset date of August 10, 2007. (Binder Aff., ECF No. 33, ¶ 1.) His applications were denied initially by the Social Security Administration ("SSA") and he timely requested a hearing before an Administrative Law Judge ("ALJ") on May 20, 2009. (*Id*.) On July 20, 2010, Brown retained Binder & Binder to represent him in his pursuit of disability benefits. (*Id*.)

1

A hearing was held on October 8, 2010 before ALJ Seth Grossman. In a written decision, dated November 30, 2010, ALJ Grossman found Brown not disabled within the meaning of the Act. On December 23, 2010, Brown requested review of the ALJ's decision by the Appeals Council. In support of his appeal, Binder & Binder submitted comments to the Appeals Council on April 11, 2011. On May 7, 2012, the Appeals Council vacated the final decision of the Commissioner and remanded the case for another hearing. A second hearing was held before ALJ Grossman on July 30, 2012 and supplemental hearings were held on March 18, 2013 and October 25, 2013. However, in a written unfavorable decision dated March 7, 2014, ALJ Grossman once again found Brown not disabled within the meaning of the Act. Plaintiff requested review of the ALJ's unfavorable decision by the Appeals Council on March 25, 2014 and in support of this appeal, comments were submitted on May 6, 2014. However, the Appeals Council denied the request for review on April 22, 2015. (Binder Aff. ¶ 2.)

On June 22, 2015, Brown signed a retainer agreement with Binder & Binder authorizing it to "appeal the denial of Social Security benefits to the United States District Court." (Binder Aff. ¶ 3 & Ex. A.) That retainer agreement provides that if the claimant's case is remanded by the United States District Court to the SSA, and, upon remand, the claimant is awarded past due benefits by the Appeals Council and/or the Administrative Law Judge, the claimant will pay Binder & Binder twenty-five percent (25%) of past due benefits, upon approval by the District Court. (*Id.*, Ex. A.)

On June 22, 2015, this case was commenced by Binder & Binder on behalf of Brown by the filing of a Complaint. (Compl., ECF No. 1,) Defendant's Answer was filed on October 19, 2015. (Answer, ECF No. 14.) On January 8, 2016, Binder & Binder filed a 24-page memorandum of law

in support of Brown's motion for judgment on the pleadings. (Pl. Mem., ECF No. 23.) On February 23, 2016, the Commissioner filed a memorandum in support of her cross-motion for judgment on the pleadings. (Def. Mem., ECF No. 25.)

On July 7, 2016, the parties consented to hold all proceedings before Magistrate Judge Ronald L. Ellis (Consent, ECF No. 27), and on September 27, 2016, Judge Ellis remanded the case to the SSA for further administrative proceedings. (Opinion & Order, ECF No. 28.) Judgment was entered on September 28, 2016. (Judgment, ECF No. 29.)

Based on the successful appeal in the District Court, Brown sought an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Thereafter, Binder & Binder was awarded $4,600.00 in EAJA fees. (Binder Aff. ¶ 5.)

On November 16, 2016, the Appeals Council vacated the final decision of the Commissioner and remanded the case for further proceedings. In an on-the-record Notice of Favorable decision dated January 19, 2018, ALJ Kimberly L. Schiro found Mr. Brown disabled within the meaning of the Act since August 10, 2007. (Binder Aff. ¶ 6.)

On April 3, 2018, Binder & Binder received a copy of the Plaintiff's Notice of Award dated February 5, 2018 from the SSA. The Notice states that $26.652.25 has been withheld from the Plaintiff's past due benefits for payment of the legal fees. (Binder Aff. ¶ 12 & Ex. C.)

On April 26, 2018, Binder & Binder filed the instant motion for attorneys' fees, pursuant to 42 U.S.C. § 406(b)(1). (4/26/18 Motion, ECF No. 32.) In its motion, Binder & Binder seeks attorneys' fees in the amount $18,675.00, which represents less than twenty-five (25%) of the

past due benefits awarded to the Plaintiff. Upon receipt of this sum, Binder & Binder pledges to refund the previously awarded EAJA fees of $4,600.00 directly to the Plaintiff. (Binder Aff. ¶ 13.)

The Commissioner filed her response to the motion on May 10, 2018. (Def. Ltr., ECF No. 35.) The Commissioner notes in her response that the instant motion may be untimely.[1]

The case was reassigned to me on November 16, 2018.

## DISCUSSION

I. **Legal Standards**

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an

---

[1] As to timeliness, the Commissioner cited to the April 11, 2018 decision in *Sinkler v. Berrvhill*, No. 14-CV-06460 (EAW), 2018 WL 1748346 (W.D.N.Y. Apr. 11, 2018) (currently on appeal to the Second Circuit), which held that , pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), counsel has 14 days from counsel's receipt of notification that an award had been issued by the Commissioner to file his or her fee application. *Sinkler*, 2018 WL 1748346, at *8. (Def. Ltr. at 2-3.) Here, Brown's counsel received notification on April 3, 2018, but did not file his fee application until 23 days later. The Court does not find it necessary to determine whether it would follow the decision in *Sinkler* because counsel's delay in submitting the application was the result of excusable neglect within the meaning of Fed. R. Civ. P. 6(b)(1)(B) in light of the fact that there was previously almost no case law in this Circuit on this issue. *See Rabenda v. Colvin*, No. 15 Civ. 3449 (GWG), 2018 WL 3178159, at *1 (S.D.N.Y. Jun. 28, 2018). This argument as to excusable neglect may not be available to plaintiffs in the future given the *Sinkler* decision. *See id*.

4

independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted). Among the factors to be considered when determining whether an award is reasonable are: (a) whether the contingency fee is within the twenty-five percent limit; and (b) whether the retainer was the result of fraud or overreaching by the attorney. *See* Wells, 907 F.2d at 372.

> Other factors to be considered are the following:
>
> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

With respect to the third factor—whether the award constitutes a "windfall"— courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

II. **Application**

As noted above, Binder & Binder seeks an award of attorneys' fees in the amount of $18,675.00. The fees are within the twenty-five percent limit imposed by statute. Moreover, as noted by the Commissioner in her submission (Def. Ltr. at 2), there is no evidence of fraud or overreaching.

The Court finds that Binder & Binder did not unreasonably delay the proceedings. Further, the Court finds that Binder & Binder is well experienced in handling social security cases and that its written submissions were specific and well supported. With respect to the remaining factors— *i.e.*, whether the requested fees are out of line with the character of the representation and the successful results achieved, as well as the so-called windfall factor—Binder & Binder has requested $18,675.00 for 24.9 hours of services rendered before this Court, which represents a *de facto* hourly rate of $750.00.

In support of its motion, Binder & Binder has provided, for each of the two attorneys who worked on this case, Daniel S. Jones and Charles E. Binder, information concerning their backgrounds and experience and a calculation of the hours spent on this case, together with descriptions of the work done. (*See* Binder Aff. ¶¶ 8-11 & Ex. B.) Upon review of Binder & Binder's submissions, the Court finds that the number of hours spent on this matter by each attorney,

that is, 22.2 hours in the case of Jones and 2.7 hours in the case of Binder, or a total of 24.9 hours, is not unreasonable under the circumstances. However, the *de facto* hourly rate of $750.00 is problematic. Courts have reduced awards in circumstances analogous to the case here. *See Arroyo v. Commissioner*, No. 14-CV-3513, 2018 WL 2088013, at **2-3 (E.D.N.Y. May 4, 2018) (reducing Binder & Binder fees of $14,000.00 for 19.7 hours of work, resulting in an hourly rate of $710.66, to $9,850.00 in total fees). *Cf. also Cahill v. Colvin*, No. 12-CV-9445 (PAE) (MHD), 2016 WL 4581342, at *3 (S.D.N.Y. Sep. 2, 2016) (finding Binder & Binder fees of $13,875.83 for 28.8 hours, resulting in hourly rate of $481.80, to be reasonable).

The Court finds that Binder & Binder's request for $18,675.00 for 24.9 hours in this case would result in an unreasonable fee to Binder & Binder. Instead, the Court finds that an award of $12,450.00 would adequately compensate Binder & Binder for the time spent on this case, the risks that they accepted in undertaking the representation of Brown on a contingency basis, and the successful result obtained for Brown. Furthermore, this fee amount, which translates into an hourly rate of $500, satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See Arroyo*, 2018 WL 2088013, at *3.

## **CONCLUSION**

For the reasons set forth above, Binder & Binder's motion for attorneys' fees (ECF No. 32) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that Binder & Binder be awarded the sum of $12,450.00 in fees. Upon receipt of this sum, Binder & Binder is ORDERED to refund the previously awarded EAJA fees of $4,600.00 directly to the Plaintiff.

DATED:      November 20, 2018
                New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**